# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDY GRAY,<br><br>    Defendant. | Case No. 1:21-cv-00421-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS<br><br>(ECF Nos. 4, 5)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

William J. Gradford ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On March 25, 2021, Plaintiff's complaint was screened and found to state a cognizable claim. (ECF No. 4.) Plaintiff was ordered to either file a first amended complaint or notice of intent to proceed on the cognizable claim within thirty days. (Id.) On April 1, 2021, Plaintiff filed a notice stating that he wished to proceed on the cognizable claims. (ECF No. 5.) Accordingly, the Court recommends that this action proceed on Plaintiff's claim that Andy Gray ("Defendant") extended his probation based on fabricated evidence in retaliation for Plaintiff filing complaints and all other claims be dismissed for failure to state a claim.

## I.

## SCREENING STANDARD

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court

1 determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which
2 relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
3 such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)
4 (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners);
5 Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*
6 proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
7 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*
8 complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
9 (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to
10 screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
11 fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
12 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

13       In determining whether a complaint fails to state a claim, the Court uses the same
14 pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a
15 short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R.
16 Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
17 elements of a cause of action, supported by mere conclusory statements, do not suffice."
18 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
19 544, 555 (2007)).

20       In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and
21 accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
22 94 (2007). Although a court must accept as true all factual allegations contained in a complaint,
23 a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]
24 complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
25 short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting
26 Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for
27 the court to draw the reasonable conclusion that the defendant is liable for the misconduct
28 alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

From around May 4, 2020, to February 5, 2021, Defendant was Plaintiff's probation officer. (Compl. 2,[1] ECF No. 1.) Plaintiff alleges that during this time period, Defendant committed many retaliatory acts. (Id.) Plaintiff's brother, Alonzo Gradford[2] is a well-known and well connected attorney in Stanislaus County. (Id.) Alonzo knows Defendant and his office is one block away from the probation office. (Id.) Alonzo also knows many Stanislaus County deputies. (Id.)

Plaintiff filed suit in the district court against his two prior probation officers, Officer Andrew Walzeack and Jose Della Haya, that work with Defendant. Plaintiff has been wearing an ankle monitor for two years and was required to follow all court orders. (Id.) He has not been in any trouble and has continued to follow all court orders and obey all the terms of his probation. (Id.) Similar to his prior probation officers, Defendant refused to remove the ankle monitor or to allow him to transfer out of Stanislaus County due to the "constant and ongoing retaliation and retaliation tactics against [him] for 'speaking up' against many authorities and himself.". (Id. at 2-3.) Defendant continues to use the ankle monitor on Plaintiff to advance his personal retaliation. (Id. at 3.)

During the ten months when Defendant was Plaintiff's probation officer, Plaintiff would apply for jobs and those jobs that wanted an interview would change their mind after a few days. (Id.) Plaintiff stopped receiving his mail, especially mail from the unemployment office ("EDD"). (Id.) Plaintiff was approved and then suddenly all mail stopped especially after Plaintiff was constantly calling and writing to no avail. (Id.) Just recently, after Defendant was no longer his probation officer, Plaintiff received a letter from the EDD out of the blue and is

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] To avoid confusion, Mr. Alonzo Gradford shall be referred to by his first name.

now receiving his mail. (Id.) Plaintiff contends that these are just some of the things that Defendant, Alonzo, and others involved are doing to him. (Id.)

Around January 12, 2021, Defendant came to Plaintiff's home by himself which was unusual and told him to call Defendant in about three weeks to get the exact date because he was going to be getting off probation. (Id. at 3-4.) Plaintiff immediately began to yell and had tears of joy, stating, "Thank you! Thank you! Thank you. I am leaving here and never coming back." (Id. at 4.) Three weeks later, Plaintiff went to the probation office and Defendant was not in so he spoke to a woman. (Id.) He told the woman what Defendant had said and she told him that he was getting off probation around February 5, 2021. (Id.) Plaintiff asked her for a citizen complaint form to file a complaint against Defendant. (Id.) Although Defendant was unaware, Plaintiff had been planning to file a complaint against Defendant. (Id.) Plaintiff asked for Defendant's business card and the woman said that he would have to come back when Defendant was in. (Id.)

Plaintiff went back to the probation office the next day and Defendant called him back to his office and seemed very agitated and angry. (Id. at 4-5.) Defendant spoke in a strong and angry tone stating that the lady had told him that Plaintiff got a complaint form, making Plaintiff believe he was being arrested. (Id. at 5.) Defendant asked Plaintiff what he had against probation. (Id.) As Plaintiff started to talk, Defendant cut him off asking him why he was writing all these complaints against probation. (Id.) Plaintiff told Defendant that he was all alone without any help and was trying to protect himself from all the retaliation. (Id.) Defendant continued to intimidate and harass Plaintiff, cutting him off from speaking or answering his very sarcastic but serious and angry questions. (Id.) Then, Defendant asked what Plaintiff had against Alonzo and again cut Plaintiff off before he could answer. (Id.)

Defendant was upset and abruptly stopped talking, turned to his computer, and started typing. (Id. at 6.) Defendant said, "You know what." "I got some bad news for you now. Your [sic] not getting off probation now." (Id.) Plaintiff was extremely disappointed to the point of tears. (Id.) Plaintiff contends that Defendant "made stuff up" to justify keeping him on probation longer in order to stop Plaintiff from filing a complaint against Defendant. (Id.)

4

1  Plaintiff alleges that Defendant took revenge because Plaintiff had filed a complaint against his
2  co-workers.  (Id.)  Defendant gave Plaintiff a sheet that contained new probation terms and told
3  Plaintiff that he was signed up for some classes that were to start in four days.  (Id.)  Plaintiff
4  went to the class as directed and was told that he was not signed up for any class.  (Id. at 6.)

5  In interrogatories in another case, Deputy McCarthy admitted that he coached Alonzo's
6  son for many years.  (Id. at 7.)  Plaintiff contends that Defendant, Alonzo, and other family
7  members were also involved in some way, shape or form and had knowledge of a drive by
8  shooting against Plaintiff.  (Id.)  Plaintiff also filed a complaint with the State Bar against
9  Alonzo.  (Id.)  Plaintiff called the city attorney in his other cases and explained what Defendant
10  had done.  (Id.)  Plaintiff is seeking monetary damages.  (Id. at 13.)

## III.

## DISCUSSION

### A. Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  In a section 1983 action, the complaint must allege that every defendant acted with the requisite state of mind to violate underlying constitutional provision.  OSU Student Alliance v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

### 1. Retaliation

Plaintiff alleges that there was constant ongoing retaliation and retaliatory acts due to his complaints.  "The First Amendment forbids government officials from retaliating against individuals for speaking out."  Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir. 2010). Under section 1983, retaliation by a state actor for the exercise of a constitutional right is

actionable even though the action, if taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283–84 (1977); Wilson v. City of Fountain Valley, 372 F.Supp.2d 1178, 1186 (C.D. Cal. 2004). To state a claim, a plaintiff must show that he was engaged in protected conduct and that adverse action was taken against him because of that protected conduct. Wilson, 372 F.Supp.2d at 1186; see also Blair, 608 F.3d at 543 (to prevail on a retaliation claim, "a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.").

Plaintiff has failed to allege any causal connection between the majority of the acts alleged in the complaint and Defendant sufficient to state a claim. See Turner v. Smith, No. 11-CV-5176 CRB, 2017 WL 897333, at *6 (N.D. Cal. Mar. 7, 2017), aff'd, 734 F. App'x 460 (9th Cir. 2018)[3] (a retaliation claim requires acausal connection between the retaliatory animus of one person and that person's own injurious action). For example, Plaintiff contends that he applied for jobs and did not get them and that he was not receiving mail, specifically from the EDD. But there are no facts alleged in the complaint to link Defendant to Plaintiff's failure to be hired or his mail service. Plaintiff's speculation is insufficient to state a cognizable claim. While Plaintiff alleges that Defendant spoke harshly to him, that is insufficient to constitute adverse action. See e.g., Nunez v. City of Los Angeles, 147 F.3d 867, 875 (9th Cir. 1998) (mere threats or harsh words are insufficient to constitute adverse action); Blount v. Morgan Stanley Smith Barney LLC, 982 F.Supp.2d 1077, 1082 (N.D. Cal. 2013), aff'd, 624 F.App'x 965 (9th Cir. 2015) (rude or offensive comments do not constitute adverse action); German v. Eudaly, No. 3:17-CV-2028-MO, 2018 WL 3212020, at *4 (D. Or. June 29, 2018) ("mere threats and harsh words" are not sufficient to state an adverse action).

Plaintiff alleges that Defendant required him to wear ankle monitors and refused to allow

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

him to transfer out of Stanislaus County during the time that he was on probation.  But, Plaintiff has not alleged any facts that would lead to the reasonable inference that requiring the use of ankle monitors or refusal to allow Plaintiff to move out of the County was due to Plaintiff's protected conduct or that it was adverse action that could be attributed to Defendant.

First, Plaintiff was subjected to ankle monitoring since January 2019, during the period of time that he was supervised by his previous probation officers.  Here, Plaintiff's complaint demonstrates that Plaintiff was subject to the ankle monitor requirement prior to being supervised by Defendant.

Further, Defendant was simply enforcing a court order which is necessary to the judicial process.  Engebretson v. Mahoney, 724 F.3d 1034, 1042 (9th Cir. 2013).  The Supreme Court "has long expressed the general idea that public officials who ministerially enforce facially valid court orders are entitled to absolute immunity."  Engebretson, 724 F.3d at 1038; see also Valdez v. City & Cty. of Denver, 878 F.2d 1285, 1286 (10th Cir. 1989) ("an official charged with the duty of executing a facially valid court order enjoys absolute immunity from liability for damages in a suit challenging conduct prescribed by that order").  Plaintiff has not alleged any facts that requiring him to wear an ankle monitor or requiring him to remain in the county were not due to a valid court order.  It would appear from the allegations in the complaint that Defendant would be entitled to quasi-judicial immunity for enforcing the court ordered terms of Plaintiff's probation.

However, Plaintiff's allegation that Defendant fabricated information to extend his probation after Plaintiff indicated he was going to file a complaint is sufficient to state a retaliation claim.

    2.    Conspiracy

To the extent that Plaintiff is attempting to state a claim for conspiracy, he has failed to do so.  In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants."  Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired

or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff makes vague and conclusory allegations that his brother conspired with Defendant and other county officials to harm him. However, there are no facts alleged that would lead to the reasonable inference that a conspiracy existed to violate Plaintiff's federal rights. For example, Plaintiff alleges that Alonzo was a well-known attorney, he personally knows Defendant, and his office was a block from where Defendant worked. But such familiarity and proximity is insufficient to infer that any conspiracy existed. Similarly, Plaintiff's conclusory allegations that Defendant, Alonzo, and other deputies were somehow involved in a drive by shooting aimed at Plaintiff is insufficient for the Court to reasonably infer that any of the individuals were engaged in a conspiracy to violate Plaintiff's rights.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed, Plaintiff's complaint states a retaliation claim against Defendant Gray for extending his probation based on fabricated evidence, but fails to state any other cognizable claims for a violation of Plaintiff's constitutional rights. Plaintiff was advised of the deficiencies in his complaint and granted an opportunity to file an amended complaint, but filed a notice that he wished to proceed on the claim found to be cognizable.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's retaliation claim against Defendant Gray based

on extending his probation; and

2. All other claims be dismissed for failure to state a claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 5, 2021**

UNITED STATES MAGISTRATE JUDGE