# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDY GRAY,<br><br>　　　　Defendant. | Case No. 1:21-cv-00421-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 13, 14, 16, 18, 20)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**

**INTRODUCTION AND BACKGROUND**

William J. Gradford ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On March 25, 2021, Plaintiff's complaint was screened and found to state a cognizable claim. (ECF No. 4.) Plaintiff was ordered to either file a first amended complaint or notice of intent to proceed on the cognizable claim within thirty (30) days. (Id.) On April 1, 2021, Plaintiff filed a notice stating that he wished to proceed on the cognizable claims. (ECF No. 5.) On April 5, 2021, the Court issued findings and recommendations, recommending that this action proceed on Plaintiff's claim that Andy Gray ("Defendant") extended Plaintiff's probation based on fabricated evidence in retaliation for Plaintiff filing complaints, and all other claims be dismissed for failure to state a claim. (ECF

1  No. 6.)  On May 19, 2021, the district judge adopted the findings and recommendations and this
2  matter is now proceeding against Defendant on the retaliation claim with all other claims and
3  defendants having been dismissed. (ECF No. 13.)  On this same date, Plaintiff was ordered to
4  complete and return service documents within thirty days. (ECF No. 14.)  Plaintiff was warned
5  that failure to comply with the order would result in dismissal of the action. (Id. at 2.)

6        On June 7, 2021, both the May 19, 2021 order adopting the findings and
7  recommendations and order authorizing service of the complaint and forwarding the service
8  documents were returned by the United States Postal Service marked "Undeliverable, Unable to
9  Forward."  On July 2, 2021, Plaintiff filed an untimely and unsigned document entitled
10 "Plaintiff's Objectoin [sic] to Magistrate Judges Findings and Recommendations." (ECF No.
11 15.)  On July 7, 2021, noting the document indicated that Plaintiff's mailing address was the
12 same address from which the prior orders were returned as undeliverable, the Court ordered the
13 prior orders re-served and granted Plaintiff thirty (30) days to return the service documents.
14 (ECF No. 16.)  On July 22, 2021, Plaintiff filed a document that was entered on the docket as a
15 motion to resend service of process. (ECF No. 17.)  On July 26, 2021, the Court granted the
16 motion, resent the May 19, 2021 orders, and again extended the time for Plaintiff to return the
17 completed service documents by thirty (30) days. (ECF No. 18.)  Plaintiff was expressly warned
18 that the failure to return the service documents in compliance with the order would result in the
19 action being dismissed for failure to comply and failure to prosecute. (Id. at 3.)

20       On August 12, 2021, Plaintiff filed what appeared to be a response to the July 26, 2021
21 order. (ECF No. 19.)  However, the documents as submitted were largely illegible, contained
22 information and case numbers pertaining to multiple cases not before the undersigned judge, and
23 the service documents had not been properly filled out.  Given Plaintiff's *pro se* status, on
24 August 16, 2021, the Court directed the Clerk of the Court to re-serve the May 19, 2021 orders,
25 and again extended the time for Plaintiff to return the completed service documents an additional
26 thirty (30) days from the date of service of the order. (ECF No. 20.)  Plaintiff was specifically
27 advised that this would be the final extension of time the Court would allow, and was again
28 advised that the failure to return the service documents in compliance with the order would result

in the action being dismissed for failure to comply and failure to prosecute.  (Id. at 2-3.)

On August 23, 2021, the Clerk of the Court updated Plaintiff's mailing address pursuant to a filing Plaintiff made in a separate action.  (ECF No. 21.)  On August 24, 2021, the Clerk of the Court again re-served the May 19, 2021 orders (ECF Nos. 13, 14), and the Court's most recent order dated August 16, 2021 (ECF No. 20).  The Court allowed an additional thirty (30) days lapse from the time of the August 24, 2021 re-mailing.

Plaintiff has not returned the completed service documents, nor otherwise communicated with the Court since the August 12, 2021 filing.  For the reasons explained herein, the Court recommends this action be dismissed for failure to comply with the Court's orders and failure to prosecute this action.

## II.

## DISCUSSION

The Local Rules for the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  L.R. 110.  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is

required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was repeatedly ordered to return the service documents, and was repeatedly afforded additional time to do so.  (ECF Nos. 14, 18, 20, 21.)  Plaintiff's failure to comply with the orders of the Court and failing to return the service documents hinders the Court's ability to move this action toward disposition.  This action can proceed no further without Plaintiff's compliance and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the Defendant in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the Defendant thus weighs in favor of dismissal.  This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay.  In re Eisen, 31 F.3d at 1453.  Plaintiff has not submitted service documents despite being first ordered to do so on July 7, 2021, and being granted multiple extensions to do so, and accordingly, the risk of prejudice to the Defendant also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order for this action to proceed, Plaintiff is required to complete and return the service documents.  Despite being ordered to do so and being granted extensions of time, Plaintiff has not done so, and this action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's May 19, 2021, July 26, 2021, and August 16, 2021 orders, all expressly warned Plaintiff that the failure to return the service documents would result in dismissal of the action. (ECF Nos. 14, 18, 20.) The Court additionally allowed another thirty (30) days to lapse following the most recent change of address and re-service of the previous orders. (ECF No. 21.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders, and the Court has afforded Plaintiff ample time to return the service documents or otherwise communicate with the Court.

The Court finds that the balance of the factors weighs in favor of dismissing this action for Plaintiff's failure to comply with the Court's May 19, 2021, July 26, 2021, and August 16, 2021 orders (ECF Nos. 14, 18, 20), and for failure to prosecute.

### III.

### CONCLUSION AND RECOMMENDATION

Plaintiff has failed to comply with the Court's May 19, 2021, July 26, 2021, and August 16, 2021 orders (ECF Nos. 14, 18, 20), requiring him to return completed service documents. In considering the factors to determine if this action should be dismissed, the Court finds that the factors weigh in favor of dismissal of this action, and that this action should be dismissed for Plaintiff's failure to obey the Court's orders, and failure to prosecute this action.

Accordingly, it is HEREBY RECOMMENDED that this matter be dismissed for Plaintiff's failure to comply with the Court's May 19, 2021, July 26, 2021, and August 16, 2021 orders (ECF Nos. 14, 18, 20), and failure to prosecute.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the

magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 30, 2021**__

UNITED STATES MAGISTRATE JUDGE