# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD, | Case No.  1:21-cv-00421-AWI-SAB |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REOPEN OR REFILE CASE |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR COPY OF COMPLAINT |
| ANDY GRAY, | |
| Defendant. | ORDER DIRECTING CLERK OF COURT TO UPDATE MAILING ADDRESS AND MAIL PLAINTIFF COPY OF COMPLAINT |
| | (ECF No. 27) |

## I.

## BACKGROUND

On March 15, 2021, William J. Gradford ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On March 25, 2021, Plaintiff's complaint was screened and found to state a cognizable claim.  (ECF No. 4.)  Plaintiff was ordered to either file a first amended complaint or notice of intent to proceed on the cognizable claim within thirty (30) days.  (Id.)  On April 1, 2021, Plaintiff filed a notice stating that he wished to proceed on the cognizable claims.  (ECF No. 5.)  On April 5, 2021, the Court issued findings and recommendations, recommending that this action proceed on Plaintiff's claim that Andy Gray ("Defendant") extended Plaintiff's probation based on fabricated evidence

1

in retaliation for Plaintiff filing complaints, and all other claims be dismissed for failure to state a claim.  (ECF No. 6.)   On May 19, 2021, the district judge adopted the findings and recommendations and this matter proceeded against Defendant on the retaliation claim with all other claims and defendants having been dismissed.  (ECF No. 13.)  On this same date, Plaintiff was ordered to complete and return service documents within thirty days.  (ECF No. 14.)  Plaintiff was warned that failure to comply with the order would result in dismissal of the action.  (Id. at 2.)

On June 7, 2021, both the May 19, 2021 order adopting the findings and recommendations and order authorizing service of the complaint and forwarding the service documents were returned by the United States Postal Service marked "Undeliverable, Unable to Forward."   On July 2, 2021, Plaintiff filed an untimely and unsigned document entitled "Plaintiff's Objectoin [sic] to Magistrate Judges Findings and Recommendations."  (ECF No. 15.)  On July 7, 2021, noting the document indicated that Plaintiff's mailing address was the same address from which the prior orders were returned as undeliverable, the Court ordered the prior orders re-served and granted Plaintiff thirty (30) days to return the service documents.  (ECF No. 16.)  On July 22, 2021, Plaintiff filed a document that was entered on the docket as a motion to resend service of process.  (ECF No. 17.)  On July 26, 2021, the Court granted the motion, resent the May 19, 2021 orders, and again extended the time for Plaintiff to return the completed service documents by thirty (30) days.  (ECF No. 18.)  Plaintiff was expressly warned that the failure to return the service documents in compliance with the order would result in the action being dismissed for failure to comply and failure to prosecute.  (Id. at 3.)

On August 12, 2021, Plaintiff filed what appeared to be a response to the July 26, 2021 order.  (ECF No. 19.)  However, the documents as submitted were largely illegible, contained information and case numbers pertaining to multiple cases not before the undersigned judge, and the service documents had not been properly filled out.  Given Plaintiff's *pro se* status, on August 16, 2021, the Court directed the Clerk of the Court to re-serve the May 19, 2021 orders, and again extended the time for Plaintiff to return the completed service documents an additional thirty (30) days from the date of service of the order.  (ECF No. 20.)  Plaintiff was specifically

1   advised that this would be the final extension of time the Court would allow, and was again

2   advised that the failure to return the service documents in compliance with the order would result

3   in the action being dismissed for failure to comply and failure to prosecute.  (Id. at 2-3.)

4          On August 23, 2021, the Clerk of the Court updated Plaintiff's mailing address pursuant

5   to a filing Plaintiff made in a separate action.  (ECF No. 21.)  On August 24, 2021, the Clerk of

6   the Court again re-served the May 19, 2021 orders (ECF Nos. 13, 14), and the Court's most

7   recent order dated August 16, 2021 (ECF No. 20).  The Court allowed an additional thirty (30)

8   days lapse from the time of the August 24, 2021 re-mailing.

9          Plaintiff did not return the completed service documents nor otherwise communicate with

10  the Court, and on September 30, 2021, the Court issued findings and recommendations that this

11  action be dismissed for failure to comply with Court order sand failure to prosecute.  (ECF No.

12  22.)  On October 8, 2021, Plaintiff filed objections, although as noted in the order adopting the

13  findings and recommendations, it was unclear what filing the objections pertained to, given the

14  issues with mailing and the content of the objections.  (ECF No. 23.)  On November 18, 2021,

15  the District Judge adopted the findings and recommendations and closed this action.  (ECF No.

16  25, 26.)

17         Currently before the Court is Plaintiff's motion entitled a "request [for] permission to

18  refile this case/direct clerk to send free copy of original complaint."  (ECF No.27.)

**II.**

**DISCUSSION**

21         Plaintiff entitled the filing as Plaintiff's request for permission to refile this case and

22  requesting the Clerk of the Court be directed to send a free copy of the originally filed complaint.

23  (ECF No. 27.)  The Court entered the filing as a motion to reopen the case.  The Court construes

24  the filing as a motion to relieve a party from a final judgment or order under Federal Rule of

25  Civil Procedure 60(b).

26         Under Rule 60(b), a court may relieve a party from a final judgment or order if the

27  moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

28  discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the

1   judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other

2   reason that justifies relief. Fed. R. Civ. P. 60(b).

3        The filing only states that Plaintiff is asking for permission to refile this case, but the

4   filing contains no reason or basis for why the Court should grant the motion.  The only other

5   request in the motion is for a copy of the original complaint, which Plaintiff requests because he

6   has been going through hard times and has no money.

7        Plaintiff offers no reason why the Plaintiff made no attempt to communicate with the

8   Court regarding this case from the date it was closed, November 18, 2021, and the filing of the

9   instant motion on September 30, 2022.  (ECF Nos. 25, 26, 27.)  Plaintiff has offered no reason as

10  to why Plaintiff should be relieved from the previous dismissal for failure to prosecute.  The

11  Court finds no basis to grant the motion construed to have been filed pursuant to Rule 60(b), and

12  the Court shall deny the motion to the extent Plaintiff is requesting relief from the final

13  judgment, and is requesting the Court to reopen this action.

14       Nonetheless, the Court notes that neither the findings and recommendations nor the order

15  adopting mention that the dismissal was with prejudice, and thus the dismissal of this action was

16  without prejudice to Plaintiff refiling the action.  (ECF Nos. 23, 25.)  Thus, to the extent Plaintiff

17  is requesting permission to "refile" his case, it appears the orders from this Court do not

18  foreclose him from doing so, and thus the relief expressly requested does not appear to be

19  something Plaintiff needs to request from this Court, further counseling the Court to deny the

20  Plaintiff's motion as having no basis to grant, as filed.

21       The Court shall grant Plaintiff's motion for a copy of the complaint.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**III.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to refile or reopen this action is DENIED;

2.      Plaintiff's motion for a copy of the original complaint is GRANTED;

3.      The Clerk of the Court is DIRECTED to update Plaintiff's address as reflected on the September 30, 2022 filing (ECF No. 27 at 2); and

4.      The Clerk of the Court is DIRECTED to mail Plaintiff a copy of the originally filed complaint (ECF No. 1) to Plaintiff's updated mailing address.

IT IS SO ORDERED.

Dated:   **October 4, 2022**

_____
UNITED STATES MAGISTRATE JUDGE